### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF:<br><br>THE GREAT PLATTE RIVER ROAD MEMORIAL FOUNDATION,<br><br>      Debtor. | CASE NO. BK 13-40411<br>CHAPTER 11 |

### DEBTOR'S MOTION FOR ENTRY OF ORDER (a) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (b) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE

The Great Platte River Road Memorial Foundation, debtor and debtor in possession herein (referred to herein as the "Foundation" or the "Debtor"), presents this motion for entry of an order (a) deeming its utility companies adequately assured of future performance, and (b) establishing procedures for determining requests for additional adequate assurance (the "Motion"). In support of the Motion, Debtor respectfully states as follows:

### JURISDICTION

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief sought herein are sections 105(a) and 366 of the Bankruptcy Code.

### BACKGROUND

2.    Debtor commenced this Chapter 11 Case by filing its Voluntary Petition on March 6, 2013. Debtor continues in possession of its property and continues to operate

and manage its business as Debtor-in-Possession pursuant to 28 U.S.C. §§ 1107(a) and 1108.

3. Debtor is a non-profit corporation. This Court has not appointed a Trustee or examiner in this reorganization case.

4. Debtor operates what is sometimes referred to as the "Kearney Arch" which spans U.S. Interstate 80 outside of Kearney. Debtor provides tourism services, educational services and community services concerning U.S. History, local history and culture and related matters.

## RELIEF REQUESTED

5. NPPD has demanded a deposit of $36,000 and the City of Kearney has threatened to shut off service if one or more pre-petition bills are not paid.

6. Debtor moves this Court for entry of an order which (a) prohibits utilities from altering, refusing or discontinuing services on account of pre-petition invoices, (b) deems the Utility Companies to be adequately assured of future performance by Debtor's payment of a $10,000.00 deposit to NPPD and other adequate protection as set forth herein for NPPD and the City of Kearney (c) establishes procedures for determining any requests for additional adequate assurance, (d) provides that if any Utility Company timely requests additional adequate assurance which Debtor believes is unreasonable, Debtor may file a motion for determination of additional adequate assurance of payment and notice such motion for hearing (a "Determination Hearing"), (e) deems, in the event that a Determination Hearing is scheduled, the applicable Utility Company to have been provided adequate assurance of payment until the entry of an order finding that the Utility Company is not otherwise adequately assured of future

payment under section 366 of the Bankruptcy Code without the need for payment of additional deposits or other security, which order shall fix the amount of any additional adequate assurance payments, and (f) provides that any Utility Company that does not timely request additional adequate assurance to be deemed to have adequate assurance under section 366 of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

7. Continuing utility services to Debtor is essential to its ability to sustain operations while its Chapter 11 case is pending. An interruption of utility services, no matter how brief, would severely disrupt, and possibly terminate Debtor's business operations.

8. In the normal course of its business, Debtor uses electricity, water, telephone, gas and other utility services provided by NPPD and the City of Kearney.

9. Section 366 of the Bankruptcy Code governs the rights and obligations of the Utility Companies as providers of utility services. Pursuant to section 366, such Utility Companies "may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date." 11 U.S.C. § 366 (2001). Therefore, following the expiration of this 20-day period, the Utility Companies may arguably discontinue service if Debtor does not provide adequate assurance of future performance of its post-petition obligations to the Utility Companies.

10. Until recently, Debtor has made timely payments to its Utility Companies. However, at the time the case was filed, two monthly bills provided by NPPD were

unpaid and one monthly bill to the City of Kearney was unpaid. The approximate average monthly bill from NPPD equals $10,000.00. Debtor has delivered to NPPD a one-time $10,000.00 deposit as post-petition adequate protection (the "Deposit"). The approximate average bill from the City of Kearney is $283.00. Debtor does not believe that a deposit in favor of the City of Kearney should be required.

11. Debtor proposes to provide adequate assurance of payment to the utilities in the form of an administrative expense of its Chapter 11 estate pursuant to sections 503(b) and 507(a)(l) of the Bankruptcy Code for utility services rendered to Debtor by the Utility Companies following the Petition Date.

12. Debtor submits that the administrative expense priority provided pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code, the protections afforded by section 366 of the Bankruptcy Code, and in the case of NPPD, the Deposit, adequately assure payment to the Utility Companies. Notwithstanding the above, Debtor proposes that the foregoing method of providing adequate assurance be without prejudice to the rights of any Utility Company to move this Court for additional assurances for itself, and that any burden of proof shall remain unaffected by the Court's initial approval of Debtor's proposal.

13. A debtor's ability to pay post-petition bills promptly is most determinative of adequate assurance for the Utility Companies. In <u>In re George C. Frye Co.</u>, 7 B.R. 856 (Bankr. D. Me. 1980), a utility company demanded that a Chapter 11 debtor post a deposit or suffer termination of service. The court noted that the preference for administrative claims (including utility service costs) and the requirement for their full payment provided adequate assurance. <u>See id</u>. at 858. The court denied the request for

4

a deposit, noting that the debtor had a very tight cash flow and paying the requested deposit might have jeopardized the debtor's reorganization efforts. See id. at 857.

14. Under the terms of section 366(b) of the Bankruptcy Code, this Court may determine the standards for assurance of future payments for utility services. Bankruptcy courts have the exclusive responsibility for determining what constitutes adequate assurance for payment of post-petition utility charges and are not bound by local or state regulations. See Begley v. Philadelphia Elec. Co. (In re Begley), 41 B.R. 402, 405-06 (Bankr. E.D. Pa. 1984), aff'd 760 F 2d 46 (3d Cir. 1985). Moreover, determinations of adequate assurance under section 366 are fully within the Court's discretion. Marion Steel Co. v. Ohio Edison Co. (In re Marion Steel Co.), 35 B.R. 188, 195 (Bankr. N.D. Ohio 1983). "Adequate assurance" under section 366 is not synonymous with "adequate protection." In determining adequate assurance, the court is not required to give utility companies the equivalent of a guaranty of payment, but must only determine that the utility is not subject to an unreasonable risk of non-payment for post-petition services. See In re Caldor. Inc., 199 B.R. 1 (S.D.N.Y. 1996); In re George C. Frye, 7 B.R. at 858.

15. Debtor represents that it will pay all post-petition obligations, including utility bills, as billed and when due. Debtor submits that it has provided "adequate assurance" of its future performance with respect to the Utility Companies.

16. The receipt by the Debtor of demands for deposit from NPPD and the shutoff notice from the City of Kearney, means that it is critical that this Motion receives expedited treatment. No previous motion for the relief sought herein has been made to this or any other court.

**WHEREFORE,** Debtor respectfully requests that this Court enter an Order, in substantially the form attached hereto, (i) deeming the Utility Companies adequately assured of future performance; (ii) establishing procedures for determining requests for additional adequate assurance; and (iii) granting such other relief as this Court may deem just and proper.

Dated this 25th day of March, 2013

>
> GREAT PLATTE RIVER ROAD MEMORIAL
> FOUNDATION, Debtor,
>
>
> By:  s/T. Randall Wright
>      T. Randall Wright (NE# 16398)
>      Eric J. Adams (NE# 24545)
> of  BAIRD HOLM LLP
>      1500 Woodmen Tower
>      1700 Farnam St
>      Omaha, NE  68102-2068
>      Phone: 402-344-0500

## **CERTIFICATE OF SERVICE**

    I hereby certify that on March 25, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Patricia Fahey<br>ustpregion13.om.ecf@usdoj.gov | Jerry L. Jensen<br>Jerry.L.Jensen@usdoj.gov |
| Robert M. Gonderinger<br>rgonderinger@crokerlaw.com | David J. Skalka<br>dskalka@crokerlaw.com |

    In addition to the parties receiving electronic notice, the undersigned hereby certifies that a true and correct copy of the above and foregoing document was sent by regular United States first-class mail, postage prepaid, this 25th day of March, 2013 to the following:

| | |
|---|---|
| Nebraska Public Power District<br>900 4th Ave.<br>PO Box 2170<br>Kearney, NE 68848 | City of Kearney Utilities<br>18 East 22nd Street<br>P.O. Box 1180<br>Kearney, NE 68847 |

    s/ T. Randall Wright

DOCS/1172614.1