# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. BK 13-40411 |
| | CHAPTER 11 |
| THE GREAT PLATTE RIVER ROAD MEMORIAL FOUNDATION, | |
| Debtor. | **AFFIDAVIT OF T. RANDALL WRIGHT IN SUPPORT OF APPLICATION FOR ORDER TO EMPLOY COUNSEL** |

STATE OF NEBRASKA    )
                         ) ss:
COUNTY OF DOUGLAS    )

T. RANDALL WRIGHT, being duly sworn, deposes and states:

1.      I am a partner of Baird Holm.  The Firm maintains offices for the practice of law within the District of Nebraska at 1700 Farnam Street, Suite 1500, Omaha, Nebraska, 68102.

2.      I respectfully submit this Affidavit in connection with the application (the "Application") of The Great Platte River Road Memorial Foundation in the above-captioned case ("Debtor") to retain and employ Baird Holm and myself (collectively, "Baird Holm") as counsel to the Debtor.  The purpose of this Affidavit is to provide the disclosures required under section 327(e) of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedures (the 'Bankruptcy Rules").

3.      Consistent with Bankruptcy Rule 2014(a) and the Local Rules of this Court, this Affidavit is intended as a verified statement setting forth, to the best of my knowledge, all of Baird Holm's connection with the Debtor, its creditors, other parties in interest and their respective professionals in these cases.  In the event that additional connections within the scope of Bankruptcy Rules 2014(a) or 2016 are discovered during the pendency of these cases, Baird Holm will undertake to file supplemental disclosures as may become appropriate.

4.      I have personal knowledge of the matters set forth herein.  If called upon to testify, I could testify competently to the facts contained herein.

5.      I am not related, and, to the best of my knowledge, no other shareholder or associate of Baird Holm is related to any judge of the United States Bankruptcy Court of the District of Nebraska.

6.      Baird Holm from time to time represents Wells Fargo Bank, which is Trustee of the Bonds owed by the Debtor.  It is my understanding that Wells Fargo does not hold any of those bonds itself, but simply acts as Trustee.  Wells Fargo has waived any potential conflict of interest and it is represented by other counsel in this case.  In addition,  Baird Holm from time to time has done work for the City of Kearney, unrelated to the Debtor. The City of Kearney is also a creditor in this case. The City of Kearney has waived the conflict.  With those exceptions, to the best of my knowledge and information neither Baird Holm, nor any of its partners or associates, have any connections with the Debtor, its respective creditors, any other party in interest herein, its current respective attorneys or professionals, the United States Trustee or any person employed in the Office of the United States Trustee.  For so long as it represents the Debtor, Baird Holm will not represent any entity other than the Debtor in connection with this case.

7.      Baird Holm maintains a computer conflict database containing the names of all of its current and former clients and where practical, the known affiliates of those clients.  In order to prepare this Affidavit, I caused a conflicts check to be performed comparing (a) the Debtor's name; and (b) the name of Debtor's known creditors against a list of Baird Holm's current and former clients.  In addition, I caused a conflict notice by e-mail to be sent to all partners and associates of the firm inquiring as to whether any partner or associate of the firm knew of any conflict relating to the Debtor or its lenders.

8.      Baird Holm maintains and systematically updates its conflicts database in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records.

9.      Baird Holm and certain of its partners and associates may have in the past represented creditors of the Debtor or other professionals or parties in interest in this case—for example Wells Fargo and the City of Kearney, as set out above.  In any circumstance of prior representation, the matters have been and remain wholly unrelated to the representation of the Debtor in this case.

11.      Based on the facts set forth herein, I believe that neither Baird Holm nor any of its partners or associates hold or represent any interest adverse to the Debtor with respect to the matters on which Baird Holm is to be employed pursuant to the Application.  I therefore believe that Baird Holm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

12.      Baird Holm expects to render legal advice to the Debtor on various matters, including, but not limited to the following:

(a)      preparing, on behalf of the Debtor, all necessary applications, motions, answers, orders, reports and other legal papers as required by applicable bankruptcy or non-bankruptcy laws, as dictated by the demands of the case, or as required by the Court, and representing the Debtor in any hearings or proceedings related thereto;

(b)      appearing in Court and protecting the interests of the Debtor before the Court; and

(c)      providing such other legal services as agreed to by the Debtor and Baird Holm that may be necessary and proper in this case.

13.      Baird Holm was paid a pre-petition retainer in the amount of $10,000 for this matter.  Prior to the filing, Baird Holm billed a portion of that retainer for legal services and costs

rendered prior to bankruptcy.  After reducing the amount billed from the retainer, there remains $3026.00 in the Baird Holm Trust Account.

14.    Baird Holm intends to apply for compensation for professional services rendered in connection with this Chapter 11 case subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules and orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by it.   Baird Holm has advised the Debtor that the current hourly rates applicable to the principal attorneys proposed to represent the Committee are:

| | | |
|---|---|---|
| (a) | T. Randall Wright | $325 per hour |
| (b) | Brandon R. Tomjack | $240 per hour |
| (c) | Associates | $150 to $195 per hour |
| (d) | Paralegals | $135 to $145 per hour |

The Debtor understands that the hourly rates set forth above are subject to periodic adjustments in the ordinary course of Baird Holm's business.

14.    The hourly rates set forth above are Baird Holm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Baird Holm for the work of its attorneys and staff and to cover fixed and routine overhead expenses.

15.    It is Baird Holm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone, mail and express mail charges, special or hand delivery charges, photocopying charges, facsimiles, courier services, overnight delivery services, docket and court filing fees, telecommunications, travel expenses, expenses for working meals, computerized research, and transcription costs. Baird Holm will charge for these expenses in a manner and at rates consistent with charges made generally to Baird Holm's clients and consistent with the guidelines of the U.S. Trustee's office.

16.     There is no proposed arrangement to compensate Baird Holm and Baird Holm has not shared, nor agreed to share (a) any compensation it has received or may receive with any other party or person, other than with the shareholders and associates of Baird Holm, or (b) any compensation another person or party has received or may receive.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on March 28, 2013.

T. Randall Wright

SUBSCRIBED AND SWORN to before me on the 28th day of March, 2013.

GENERAL NOTARY - State of Nebraska
JACQUELINE A. SVOBODA
My Comm. Exp. August 5, 2016

Notary Public

DOCS/1168677.1