**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| IN RE:<br><br>THE GREAT PLATTE ROAD RIVER MEMORIAL FOUNDATION<br><br>Debtor. | CASE NO. BK 13-40411 TLS<br><br>CHAPTER 11 |

**GREAT PLATTE RIVER ROAD MEMORIAL FOUNDATION
PLAN OF REORGANIZATION**

T. Randall Wright (NE Bar #16398)
BAIRD HOLM LLP
1700 Farnam Street, Suite 1500
Omaha, Nebraska 68102-2068
Telephone:   (402) 344-0500
Facsimile:   (402) 231-8556
E-mail:      rwright@bairdholm.com

ATTORNEYS FOR DEBTOR-IN-POSSESSION

DATED:      July 25, 2013

# TABLE OF CONTENTS

**Page**

ARTICLE I ................................................................................................................ 1
    Definitions ........................................................................................................ 1
ARTICLE II ............................................................................................................... 5
    Designation of Classes of Claims and Interests ................................................ 5
ARTICLE III .............................................................................................................. 5
    Identification of Impaired Claims and Equity Interests ..................................... 5
ARTICLE IV .............................................................................................................. 5
    Provisions for Payment of Allowed Administrative Expense and Priority Claims . 5
ARTICLE V ............................................................................................................... 7
    Provisions for Treatment of Claims and Equity Interests in Debtor .................... 7
ARTICLE VI .............................................................................................................. 7
    Means for Implementation of the Plan ............................................................... 8
ARTICLE VII ............................................................................................................. 9
    Acceptance or Rejection of Plan ......................................................................... 9
ARTICLE VIII ........................................................................................................... 9
    Treatment of Executory Contracts ..................................................................... 9
ARTICLE IX .............................................................................................................. 9
    Conditions Precedent ......................................................................................... 9
ARTICLE X ............................................................................................................. 10
    Effects of Confirmation ................................................................................... 10
ARTICLE XI ............................................................................................................ 11
    Miscellaneous .................................................................................................. 11
ARTICLE XII .......................................................................................................... 12
    Notices ............................................................................................................. 12

COMES NOW The Great Platte River Road Memorial Foundation, the above-named Debtor-in-Possession ("Debtor" or "the Foundation"), and hereby proposes the following Plan of Reorganization ("Plan") pursuant to § 1121(a) of Chapter 11 of the United States Bankruptcy Code.

## ARTICLE I

### DEFINITIONS

Unless the context clearly requires otherwise: (i) all capitalized terms used herein and not otherwise defined shall have the meanings given to them in this Article; (ii) any other terms used in this Plan and defined in the Bankruptcy Code shall have the meanings given to them in the Bankruptcy Code; (iii) the singular shall include the plural and vice-versa; and (iv) the words "herein," "hereof," "hereto," "hereunder," and others of similar inference refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan.

1.1    **"Administrative Expense Claim"** shall mean any Claim allowable under § 503(b) of the Bankruptcy Code and entitled to priority pursuant to § 507(a)(l) of the Bankruptcy Code, including, without limitation, (a) any actual and necessary expenses of preserving the estate of Debtor, any actual and necessary expenses of operating the business of Debtor, and any indebtedness or obligations incurred or assumed by Debtor in connection with the conduct of Debtor's business, for the acquisition, lease or other disposition of Debtor's property or for the procurement by Debtor of services related to the administration of Debtor's business, whether arising before or after the Effective Date, as allowed by the Bankruptcy Court in the Chapter 11 Case; (b) any allowances of compensation and reimbursement of expenses, whether arising before or after the Effective Date, as allowed by the Bankruptcy Court in the Chapter 11 Case; and (c) any fees or charges assessed against Debtor's estate under Chapter 123 of Title 28 of the United States Code.

1.2    **"Allowed Claim"** shall mean (a) any Claim against Debtor or portion thereof, proof of which was filed on or before the Claims Bar Date, or on or before such date as may be specifically authorized for such Proof of Claim by Final Order of the Bankruptcy Court, or, if no Proof of Claim is filed, which was listed by Debtor in its Schedules as liquidated in amount and not disputed or contingent and, in either case, as to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed in the Plan, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or a Final Order of the Bankruptcy Court; or (b) any Claim against Debtor or portion thereof as to which an objection has been interposed and such Claim has been allowed in whole or in part by a Final Order (including an order confirming the Plan) to the extent allowed by such Final Order. Unless otherwise specified in the Plan or in the Final Order of the Bankruptcy Court allowing such Claim, "Allowed Claim" shall not include interest on the amount of such Claim from and after the Petition Date.

1

1.3     **"Allowed Secured Claim"** shall mean the allowed claim of a creditor which has or claims a lien or security interest in assets of the Debtor to the extent such claim is finally allowed in whole or in part by this Plan, the Confirmation Order, or such other final order as the Bankruptcy Court might enter.

1.4     **"Arch"** shall mean the structure spanning Interstate 80 near Kearney, NE that is owned by the Foundation, and all legal and equitable rights in real estate, air space and personal property located in or around it.

1.5     **"Assets"** shall mean all of the property of Debtor's estate as defined in § 541 of the Bankruptcy Code.

1.6     **"Ballot"** shall mean each of the forms that will be distributed with the Disclosure Statement to holders of Claims and holders of Interests in Classes that are impaired under the Plan and entitled to vote in connection with the solicitation of acceptances of the Plan.

1.7     **"Bankruptcy Code"** shall mean the Bankruptcy Reform Act of 1978, as amended and codified in Title 11 of the United States Code, as applicable to this Chapter 11 Case.

1.8     **"Bankruptcy Court"** shall mean the United States Bankruptcy Court for the District of Nebraska having jurisdiction over the Chapter 11 Case, or, to the extent the reference has or may be withdrawn, the District Court.

1.9     **"Bankruptcy Rules"** shall mean the Rules of Bankruptcy Procedure, as the same from time to time may be amended.

1.10    **"Causes of Action"** shall mean all causes of action or rights to recovery of Debtor, whether existing as of the Petition Date or thereafter arising, including, but not limited to Causes of Action arising under §§ 544, 545, 547, 548, 553(b) or 724(a) of the Bankruptcy Code.

1.11    **"Cause of Action Recoveries"** shall mean the proceeds recovered from Causes of Action.

1.12    **"Chapter 11 Case"** shall mean Debtor's case under Chapter 11 of the Bankruptcy Code.

1.13    **"Claim"** shall mean any right to payment from Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, unsecured, known or unknown; or any right to an equitable remedy from breach of performance if such breach gives rise to a right of payment by or from Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, all as set forth in § 101(5) of the Bankruptcy Code.

1.14    **"Claims Bar Date"** shall mean July 3, 2013, which was designated by the Bankruptcy Court as the last date for filing Proofs of Claim in the case.

1.15    **"Confirmation Date"** shall mean the date on which the Confirmation Order is docketed by the Clerk of the Bankruptcy Court.

1.16    **"Confirmation Order"** shall mean the order of the Bankruptcy Court confirming this Plan pursuant to § 1129 of the Bankruptcy Code.

1.17    **"Creditor"** shall mean any Person that has a Claim.

1.18    **"Disclosure Hearing"** shall mean the hearing held pursuant to § 1125 of the Bankruptcy Code concerning the approval of the Disclosure Statement relating to this Plan.

1.19    **"Disclosure Statement(s)"** means the written Disclosure Statement(s) that relate to the First Amended Plan, as approved by the Bankruptcy Court pursuant to § 1125 of the Bankruptcy Code and Bankruptcy Rule 3017, as such Disclosure Statement(s) may be amended, modified, or supplemented from time to time.

1.20    **"Disputed Claim"** shall mean, at any time, that portion of a Claim asserted against Debtor that is (a) the subject of a timely objection interposed by Debtor or party in interest in the Chapter 11 Case, if at such time such objection remains unresolved, or (b) prior to the time that an objection has been or may be timely filed, in excess of the amount of the Claim scheduled by Debtor as other than disputed, contingent or unliquidated; <u>provided</u>, <u>however</u>, that the Bankruptcy Court may estimate a Disputed Claim for purposes of allowance pursuant to § 502(c) of the Bankruptcy Code. In the event there is a dispute as to classification of a Claim, it shall be considered a Disputed Claim in its entirety. The portion of a Claim that is not disputed by Debtor shall be deemed to be an Allowed Claim.

1.21    **"District Court"** shall mean the United States District Court for the District of Nebraska.

1.22    **"Effective Date"** shall mean 30 Calendar Days after the Confirmation Order unless consummation of the Plan has been stayed.

1.23    **"Face Amount"** shall mean, at any time, with respect to a particular Claim: (a) if the holder of such Claim has not filed a Proof of Claim within the applicable period of limitation fixed by the Bankruptcy Court pursuant to the Bankruptcy Code, the Bankruptcy Rules or other applicable law, the amount of such Claim that is listed in the Schedules as non-contingent, undisputed and liquidated; (b) if the holder of such Claim has filed a Proof of Claim within the applicable period of limitation fixed by the Bankruptcy Court pursuant to the Bankruptcy Code, the Bankruptcy Rules or other applicable law, and such Claim has not become an Allowed Claim or been estimated by Final Order of the Bankruptcy Court, the amount stated in such Proof of Claim; or (c) in all other cases, Zero Dollars ($0.00) or such amount as shall be fixed or estimated by a Final Order of the Bankruptcy Court.

3

1.24 **"Final Order"** shall mean an order as to which the time to appeal or to seek review or rehearing has expired and as to which no appeal or any extension thereof or other proceedings for review or rehearing shall then be pending or, in the event that an appeal, review or rehearing has been sought, such appeal or other proceeding has been withdrawn with prejudice or dismissed with prejudice or such order shall have been affirmed by the highest court to which such order was appealed and the time to appeal or any extension thereof or to seek review of such appellate order has expired; provided, however, that no order shall fail to be a Final Order solely because of the possibility that a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure may be filed with respect to such order.

1.25 **"Local Bankruptcy Rules"** shall mean the Local Bankruptcy Rules, as amended, of the Bankruptcy Court, as applicable to this Chapter 11 Case.

1.26 **"Person"** shall mean an individual, a corporation, a debtor, an association, a joint stock company, an estate, a trust, any incorporated organization, a government or any political subdivision thereof or other entity.

1.27 **"Petition Date"** shall mean March 6, 2013, the date upon which Debtor filed its Petition in the Chapter 11 Case.

1.28 **"Plan"** shall mean this Plan of Reorganization and any exhibits or duly authorized amendments hereto, as the same may be amended from time to time.

1.29 **"Priority Claim"** shall mean that portion of an Allowed Claim, other than an Administrative Expense Claim or a Tax Claim, that is entitled to priority in accordance with § 507(a) of the Bankruptcy Code, if any.

1.30 **"Pro Rata"** shall mean, as of any date of determination, with respect to the share of any Claim within any class of claims, a fraction (expressed as a percentage) having as its numerator the allowed amount of such Claim and having as its denominator the aggregate Face Amounts as of such date of all Allowed Claims and Disputed Claims in such Class.

1.31 **"Schedules"** shall mean the Schedules and Statement of Financial Affairs filed by Debtor with the Bankruptcy Court, as amended on or before the Confirmation Date, listing the liabilities and assets of Debtor.

1.32 **"Secured Claim"** shall mean a Claim against Debtor to the extent of the value of any interest in the property securing such Claim.

1.33 **"Tax Claims"** shall mean any Claim entitled to priority under § 507(a)(8) of the Bankruptcy Code, but only to the extent such Claim is entitled to such priority.

1.34 **"Unsecured Claim"** shall mean any Claim other than a Secured Claim, an Administrative Expense Claim or Priority Claim.

4

1.35    **"Unsecured Creditor Distribution Fund"** shall mean that fund which shall be established after the Closing Date and maintained by the Debtor in a segregated account, from which Allowed Unsecured Claims payable after the Effective Date shall be paid under the terms of the Amended Plan.

## ARTICLE II

**DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS**

All Claims against Debtor, of whatever nature, whether or not scheduled, liquidated or unliquidated, absolute or contingent, including all Claims arising from the rejection of executory contracts and all interests arising from the ownership of any Equity Interest in Debtor, shall be bound by the Provisions of this Plan and are hereby classified as set forth below.

2.1    **Unclassified Claims Against Debtor**.

(a)    Administrative Expense Claims
(b)    Priority Tax Claims
(c)    Other Priority Claims

2.2    **Classified Claims Against and Equity Interests in Debtor**.

Class 1.  Claim of Wells Fargo, NA, as Trustee for the Bondholders.
Class 2.   Claims of Unsecured, Non-Priority Creditors,

## ARTICLE III

**IDENTIFICATION OF IMPAIRED CLAIMS AND EQUITY INTERESTS**

3.1    **Unclassified Claims**. Administrative Expense Claims, and Priority Claims, including Priority Tax Claims, are not classified under the Plan.

3.2    **Unimpaired Classes of Claims and Equity Interests**.  There are no unimpaired classes under the Plan.

3.3    **Impaired Classes of Claims and Equity Interests**. All classes are impaired under the Plan.

## ARTICLE IV

**PROVISIONS FOR PAYMENT OF ALLOWED ADMINISTRATIVE EXPENSE AND PRIORITY CLAIMS**

In full satisfaction and discharge of all of their respective Claims against Debtor, the holders of Allowed Administrative Expense Claims shall have such claims paid in the following manner:

5

    4.1    **Ordinary Course Payments**. All Administrative Expense Claims arising from trade and service debts and obligations incurred in the ordinary course of business by Debtor during this Chapter 11 case between March 6, 2013 and the Effective Date shall be paid in full by Debtor in the ordinary course of business or as otherwise agreed with such claimants.

    4.2    **Other Administrative Expenses**. Unless otherwise agreed by a holder of an Administrative Expense Claim and Debtor, each holder of an Administrative Expense Claim (including, without limitation, Debtor's attorney's and accountant's, and trustee's fees, if any) that has been allowed by a Final Order of the Court pursuant to *§* 503(a) shall be paid in respect of such Administrative Expense Claim, in Cash by the Debtor on or within 30 days following the Effective Date, (or, in the case of any Administrative Claim which has not been allowed on or be 20th day following the Effective Date). Professional fee expenses for services rendered to Debtor after the Effective Date shall be paid by the Debtor in the ordinary course, subject to the terms of the Motion to Approve Procedures for Interim Compensation and Reimbursement of Professional Fees and the order approving same.

    4.3    **Priority Tax Claims**.  These Claims (including, but not necessarily limited to the claim of the Nebraska Department of Revenue for unpaid, pre-petition sales tax) are Unsecured Claims asserted by federal, state and local governmental authorities for taxes specified in § 507(a)(8) of the Bank Bankruptcy Code such as certain unsecured income taxes, property taxes, and excise taxes (if any).  These Unsecured Claims are given a statutory priority in right of payment.

    Except to the extent that a holder of an Allowed Priority Tax Claim has been paid by the Debtor prior to the Effective Date or has agreed in writing to a different treatment, each holder of an Allowed Priority Tax Claim will be paid, at the sole discretion of the Debtor, (a) equal cash payments made on or before the last Business Day of every three-month period following the Effective Date over a period not exceeding five (5) years after the order for relief was entered in this case, that being March 6, 2018, totaling the principal amount of such Claim plus simple interest on any outstanding balance from the Effective Date calculated at the statutory rate of 4%, or (b) such other treatment as to which the Debtor and such holder agree to in writing.

    4.4    **Other Priority Claims**.  These are Claims entitled to priority pursuant to §507(a) of the Bankruptcy Code, other than Priority Tax Claims or Administrative Claims.  Under the Plan, or as soon thereafter as reasonably practicable after the latest of (a) the Effective Date, or (b) the date such Claim becomes an Allowed Claim or (iii) the date such Claim becomes payable pursuant to any agreement between the Debtor and the holder of such Claim, each holder of an Allowed Other Priority Claim will receive, in full satisfaction, settlement, release and discharge of and in exchange for such Claim (i) cash equal to the unpaid portion of such Allowed Claim or (ii) such other treatment as to which the Debtor and such holder have agreed or will agree in writing.

## ARTICLE V

**PROVISIONS FOR TREATMENT OF CLAIMS AND EQUITY INTERESTS IN DEBTOR**

In full satisfaction and discharge of all their respective Claims against and Equity Interests in Debtor, the Debtor's Creditors shall be treated as follows:

5.1    **Unimpaired Classes of Claims**

There are no unimpaired classes in this Plan.

5.2    **Impaired Claims and Interests**

Class 1:  Secured Claim of Bond Holders, by and through Wells Fargo as Bond Trustee.

This claim is in the approximate amount of $20 million.  In full and complete satisfaction of this claim, the Foundation shall pay to the Bond Holders, within 60 days of the Effective Date, the sum of $50,000.00.  Upon receipt of that amount, the Foundation's Deed of Trust, its UCC Fixture Filing and all other liens, claims, security interests, and mortgages held by the Bond Holders as to the Debtor or the Arch shall be deemed canceled, released, nullified and otherwise of no further force and effect.

Class 2.  Claim of Unsecured Creditors.

Class 2 consists of the Claims of Unsecured Creditors.  The Debtor estimates that the claims in this class will, upon final allowance and determination, total approximately $100,000.00 but this estimate is subject to change and should not be considered binding on the Debtor.  The Debtor shall pay members of this class the total sum of $50,000.00 within 30 days of the Effective Date.  Such amount shall be paid pro-rata to each claimant according to the proportion that their Allowed Claim is to the entire amount of Allowed Claims in this class.

Equity Interest Holders are not included as a class because in a not-for-profit company, there is no beneficial ownership.  The Foundation is governed by a Board of Directors, but no one on that board owns any interest in the Foundation that could be considered beneficial.

## ARTICLE VI

**MEANS FOR IMPLEMENTATION OF THE PLAN**

6.1    **Continued Foundation Existence**.  The Foundation shall continue to exist after the Effective Date in accordance with applicable law in the jurisdiction in which it is incorporated and pursuant to its articles and bylaws then in effect, except to the extent such articles and by-laws are amended by this Plan.

6.2. **Raising of Funds to Supplement Operational Income**. The Debtor has already engaged in fund-raising efforts that have resulted in commitments of approximately $132,000, contingent on approval of this Plan. The Debtor anticipates raising between $10,000 and $18,000 in additional commitments. In addition, it is seeking long-term funding commitments from Buffalo County and the City of Kearney. Decisions as to whether those funds will be available may not be made until September of 2013, or perhaps later. All such funds raised from private donors, Buffalo County, the City of Kearney or from other sources will be used to fund the payments under this Plan, and to fund future operations. The Debtor intends to continue its fund-raising efforts in order to fund operations in the future.

6.3 **Air Lease.** The "Airspace Lease Agreement" is the lease of the airspace and related areas and attributes near and around the Arch. It was entered into in 1997 between the Foundation and the State of Nebraska Department of Roads. The Debtor hereby seeks to assume that lease.

6.4 **Disputed Claims**. Objections to Claims that have not previously been allowed shall be filed with the Bankruptcy Court and served upon each holder of a Disputed Claim at any time prior to the One Hundred Twentieth Day (120th) Day after the Confirmation Date. Unless otherwise ordered by the Bankruptcy Court, the Debtor shall litigate to judgment or settle or withdraw objections to Disputed Claims. Nothing herein shall preclude a Creditor from voting for or against the Plan prior to final allowance of its Claim.

6.5 **Contingent Claims**. For the purposes of the allocations and distributions to holders of Allowed Unsecured Claims, including contingent claims, the Bankruptcy Court shall, upon the Motion of Debtor, fix or liquidate the amount of any contingent claim which are not otherwise provided for herein, pursuant to § 502 of the Bankruptcy Code, in which event the amount so fixed shall be deemed the amount of such contingent claim.

6.6 **Cause of Action Recoveries**. The Debtor does not anticipate any recoveries for Causes of Action. However, to the extent any exist, all such Causes of Action shall be retained by the Debtor and shall be brought, settled, and enforced, if at all, by Debtor and the proceeds from any such Causes of Action, net of costs and expenses, shall become property of the Debtor for its sole use and in its sole discretion. Nothing herein shall require the Debtor to bring any Cause of Action against any person or creditor, and the Debtor shall only bring such claims as it, in its sole discretion, shall determine.

6.7 **Interest on Claims**. Except as specifically provided herein with regard to specified claim treatment, post-petition interest shall not accrue or be paid on Claims, and no holder of a Claim shall be entitled to interest accruing or after the Petition Date on any Claim. Interest shall not accrue or be paid on any Disputed Claim in respect of the period from after the Petition Date to the date a final distribution is made thereon if and after such Disputed Claim becomes an Allowed Claim.

8

# ARTICLE VII

**ACCEPTANCE OR REJECTION OF PLAN**

7.1    **Classes Entitled to Vote**. All Classes are impaired under the Plan. All impaired classes shall be entitled to vote to accept or reject the Plan.

7.2    **Non-consensual Confirmation**. In the event of any actual rejection by any Class or Classes, Debtor reserves the right to request the Bankruptcy Court to confirm the Plan in accordance with § 1129(b) of the Bankruptcy Code.

# ARTICLE VIII

**TREATMENT OF EXECUTORY CONTRACTS**

8.1    **Debtor's Air Lease**.  The Debtor has an Airspace Lease Agreement with the State of Nebraska Department of Roads.  It was originally effective beginning in 1998.  It has an initial 30-year term and can be extended thereafter in successive 10-year periods at the option of the Debtor.  Annual rent is currently $15,300 per year.  The Debtor is current on its rent.  The Lease is essential to the Debtor's ability to keep the Arch open and operating.  The Debtor hereby seeks to assume this lease.

8.3    **Retention of Right to Assume or Reject**. Debtor shall retain the right to assume, assign or reject any other pre-petition executory contracts or leases that have not been expressly assumed or rejected prior to the Confirmation Date.  Any executory contracts or leases that have not been expressly assumed or rejected prior to sixty (60) days from and after the Effective Date shall be deemed rejected on the sixty first (61st) day after the Effective Date, unless such date is extended by order of the Bankruptcy Court.

# ARTICLE IX

**CONDITIONS PRECEDENT**

9.1    **Conditions Precedent to Plan Consummation**. Unless waived by Debtor, it shall be a condition precedent to the consummation of the Plan that, on or before the Effective Date:

(a)    Confirmation Order. The Confirmation Order shall have been entered by the Court and not stayed, suspended or vacated;

(b)    Confirmation. No request for revocation of the Confirmation Order under § 1144 of the Bankruptcy Code shall have been made, or if made, shall remain pending; and

(c)    No Pending Actions. No action shall be pending that would materially alter any of the provisions of the Plan.

(d) <u>Funding Commitments</u>. The Debtor shall have post-petition commitments to contribute to the Foundation, in cash or over a period of years, of not less than $140,000.00.

## ARTICLE X

**EFFECTS OF CONFIRMATION**

10.1 **Retention of Jurisdiction**. The Bankruptcy Court shall have exclusive jurisdiction of all matters arising out of and related to this Chapter 11 Case and the Plan for the following purposes:

(a) To hear and determine any and all pending and future objections to the allowance of Claims and Equity Interests including, without limitation, objections to Tax Claims relating to events or transactions occurring on or before the Effective Date;

(b) To hear and determine any actions pursuant to *§§* 522, 541, 543, 547*,* 548, 549, 550 or 553 of the Bankruptcy Code*,* it being expressly stated herein that it is Debtor's intention to fully pursue any such Causes of Action after the Confirmation Date;

(c) To consider and act on the compromise and settlement of any Claim against or Cause of Action on behalf of Debtor's estate;

(d) To hear and determine all pending or future controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of the Plan;

(e) To hear and determine any and all applications for the allowance of compensation and reimbursement of expenses rendered or incurred on or before the Confirmation Date;

(f) To hear and determine any and all pending or future applications for approval of the sale of the Assets or any portion thereof, free and clear of all liens pursuant to *§*363 of the Bankruptcy Code;

(g) To hear and determine any and all pending or future applications for rejection or assumption of executory contracts and unexpired leases to which Debtor is a party or with respect to which it may be liable, and to hear and determine, and, if need be, to estimate or liquidate, any and all Claims arising therefrom or from the rejection of executory contracts or unexpired leases pursuant to the Plan;

(h) To consider any modification of the Plan;

(i) To correct any defect, cure any omission or reconcile any inconsistency in the Plan, including any Exhibit thereto, or in any order of

10

the Bankruptcy Court, including the Confirmation Order, as may be necessary to carry out the purposes and intent of the Plan and to implement and effectuate the Plan;

(j) To determine such other matters as may be provided for in the Confirmation Order or other orders of the Bankruptcy Court or as may from time to time be authorized under the provisions of the Bankruptcy Code or any other applicable law;

(k) To enforce all orders, judgments, injunctions and rulings entered in connection with the Chapter 11 Case and to issue such orders as may be necessary or appropriate in aid of confirmation and to facilitate consummation of the Plan; and

(I) To enter an order closing this Chapter 11 Case.

## ARTICLE XI

**MISCELLANEOUS**

11.1  **Headings**. Headings are utilized in the Plan for the convenience of reference only, and shall not constitute a part of the Plan for any other purpose.

11.2  **Amendment of Plan**. Before the entry of the Confirmation Order, this Plan may be amended by Debtor. After the entry of the Confirmation Order, Debtor may, upon order of the Bankruptcy Court, amend or modify the Plan in accordance with § 1127(b) of the Bankruptcy Code, or to remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purposes and intent hereof.

11.3  **Professional Fee Claims**. All final requests for compensation or reimbursement of professional fees for service rendered to the Debtor or any creditor's committee prior to the Effective Date must be filed and served on Debtor and its Counsel no later than forty five (45) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court.  Objections to such applications must be filed and served on Debtor and its counsel and the requesting professional no later than thirty (30) days after filing of the applicable request.

11.4  **Retention of Records**. Debtor shall retain its records in an orderly fashion regarding the operation of its business affairs, subject to applicable law with regard to records retention.

11.5  **Payment Dates**. Whenever any payment to be made under the Plan is due on a day other than a Business Day, such payment will instead be made without interest for such delay on the next Business Day.

11

11.6   **Governing Law**. Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Nebraska.

11.7   **Severability**. In the event that any provision of the Plan is determined to be unenforceable following the Effective Date, then such provisions shall be severable from the Plan and shall in no way limit or affect the enforceability and operative effect of any and all other provisions hereof.

11.8   **Calculation of Days**. Any calculation of days shall exclude the first date of such period, shall include the last date and, in the event the last date is not a Business Day, shall include the first next Business Day.

11.9   **Courts of Competent Jurisdiction**. If the Bankruptcy Court and the District Court abstain from exercising or decline to exercise jurisdiction or are otherwise without jurisdiction over any matter arising out of the Plan, such abstention refusal shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matters.

11.10   **Successors and Assigns**. The rights, duties and obligations of any Person named or referred to in this Plan shall be binding upon, and shall inure to the benefit of the successors and assigns of such Person.

## ARTICLE XII

**NOTICES**

12.1   Except as otherwise herein provided, all notices required to be made in or under the Plan shall be in writing and shall be mailed by registered or certified mail, return receipt requested:

    (a)   If to Debtor then to:

    T. Randall Wright
    BAIRD HOLM LLP
    1700 Farnam Street, Suite 1500
    Omaha, Nebraska 68102
    Telephone No.: (402) 344-0500

    (b)   If to a Creditor or holder of an Equity Interest, at the address set forth in Debtor's Schedules or on such Creditor's Proof of Claim.

12.2   Any person may change the address at which he is to receive notices for the purpose of this Plan by sending written notice pursuant to this provision to the Person to be charged with knowledge of such change.

DATED this ___ day June, 2013.


THE GREAT PLATTE RIVER ROAD
MEMORIAL FOUNDATION, Debtor

By: /s/ [signature]
Its: President

and

By: s/T. Randall Wright
    T. Randall Wright (#16398)
of  BAIRD HOLM LLP
    1700 Farnam Street, Suite 1500
    Omaha, Nebraska 68102-2068
    Telephone: 402-344-0500
    Facsimile: 402-231-8556
    E-mail: rwright@bairdholm.com
Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Patricia Fahey<br>ustpregion13.om.ecf@usdoj.gov | Jerry L. Jensen<br>Jerry.L.Jensen@usdoj.gov |
| Robert M. Gonderinger<br>rgonderinger@crokerlaw.com | David J. Skalka<br>dskalka@crokerlaw.com |
| Thomas A. Ukinski<br>thomas.ukinski@nebraska.gov | |

                                              s/T. Randall Wright

DOCS/1179597.2